# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11366

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2014

Lyle W. Cayce
Clerk

LEROY DONNIE GRANT,

> Plaintiff – Appellant

v.

CPC LOGISTICS, INCORPORATED; CPC BUILDING &
MANUFACTURING PRODUCTS,

> Defendants – Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-200

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Leroy Donnie Grant, proceeding *pro se*, timely appeals the dismissal of his lawsuit alleging claims of race-based discrimination and unlawful retaliation. In his lawsuit, Grant alleges that he was subject to unlawful discrimination and retaliation that eventually led to his termination.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11366

On Defendant-Appellees CPC Logistics, Incorporated's and CPC Building & Manufacturing Products' motion for summary judgment, the district court dismissed all of Grant's claims. Proceeding through the *McDonnell-Douglas*[1] circumstantial evidence framework for race discrimination claims,[2] the district court first concluded that Grant failed to establish all four elements of the *prima facie* case. Specifically, the district court concluded that one of Grant's two comparators had a different and non-comparable violation history, and that the second of Grant's comparators was not treated more favorably than Grant, because he too was fired after the same number of logbook violations. Second, the district court concluded that even if Grant had established the *prima facie* case, the Defendant-Appellees had articulated legitimate, non-discriminatory reasons[3] for terminating Grant— namely, failure to comply with company logbook and speed limit policies—and that Grant failed to establish that these legitimate, non-discriminatory reasons were mere pretext for race discrimination. The district court next addressed Grant's claims of retaliation, again proceeding through the *McDonnell-Douglas* framework.[4] The district court held that Grant failed to

---

[1] *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[2] "Under that framework, the plaintiff must first establish a prima facie case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

[3] Once "the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production . . . . If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose." *Id.* at 557.

[4] "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected

No. 13-11366

make the *prima facie* case, because there was no evidence that he had engaged in any protected activity.

Grant timely appeals the grant of summary judgment, arguing that the district court erred in dismissing his claims. On *de novo* review of the district court's grant of summary judgment to Defendant-Appellees, we AFFIRM for essentially the same reasons given by the district court.[5]

---

activity and the adverse employment action." *Id.* at 556–57 (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).

[5] Because we affirm the district court, we need not reach Defendant-Appellees' motion to strike Appellant's brief, and accordingly, we deny the motion as moot.